RUSS AUGUST & KABAT
Benjamin T. Wang (SBN 228712)
bwang@raklaw.com
Minna Y. Chan (SBN 305941)
mchan@raklaw.com
Andrew D. Weiss (SBN 232974)
aweiss@raklaw.com
Jacob R. Buczko (SBN 269408)
jbuczko@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

*Attorneys for Plaintiff*
PAVO SOLUTIONS LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAVO SOLUTIONS, LLC<br><br>*Plaintiff,*<br><br>v.<br><br>LEXAR INTERNATIONAL, LONGSYS ELECTRONICS LIMITED, and SHENZHEN LONGSYS ELECTRONICS CO., LTD.<br><br>*Defendants.* | Case No. 8:23-cv-01556<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Pavo Solutions, LLC ("Plaintiff" or "Pavo") makes the following allegations against Defendants Lexar International, Longsys Electronics Limited, and Shenzhen Longsys Electronics Co., Ltd. (collectively, "Defendants" or "Lexar"):

## I.     THE PARTIES

1.     Plaintiff Pavo Solutions, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 16192 Coastal Hwy, Lewes, DE 19958.

2.     Pavo was formed to promote technologies developed by Korean inventors. One such invention is United States Patent No. 6,926,544 (the "'544 Patent"). Pavo is the sole owner by assignment of all right, title, and interest in the '544 Patent. The '544 Patent is entitled "Flash Memory Apparatus Having Single Body Type Rotary Cover." It was duly and legally issued by the United States Patent and Trademark Office on August 9, 2005. The '544 Patent is valid and enforceable. A copy of the '544 Patent is attached hereto as **Exhibit 1**.

3.     The validity and benefits of the '544 Patent were recognized by a $13.7 million judgment against Kingston Technology Company, Inc.'s willful infringement of the '544 Patent in *Pavo Solutions LLC v. Kingston Technology Company, Inc.*, Case No. 8:14-cv-01352-JLS-KES (C.D. Cal.). The judgment was recently affirmed by the Federal Circuit in *Pavo Solutions LLC v. Kingston Technology Company, Inc.*, Case No. 2021-1834 (Fed. Cir.) (June 3, 2022)).

4.     On information and belief, Defendant Lexar International is a public corporation organized and existing under the laws of California with its principal place of business at 1737 North First Street, Suite 680, San Jose, California 95112.

5.     On information and belief, Defendant Longsys Electronics Limited is a public corporation organized and existing under the laws of California with its principal place of business at 1737 North First Street, Suite 680, San Jose, California

95112.s

6. On information and belief, Defendant Shenzhen Longsys Electronics Co., Ltd. is a public corporation organized and existing under the laws of China with its principal place of business at 8F, Building 1, Financial Base, No. 8 Kefa Road, Nanshan District, Shenzhen, China.

7. On information and belief, Defendants Lexar International and Defendant Longsys Electronics Limited are each a wholly-owned subsidiary of Defendant Shenzhen Longsys Electronics Co., Ltd.

## II.   JURISDICTION AND VENUE

8. This action arises under the patent laws of the United States, Title 35 of the United States Code § 1, *et seq*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Defendants in this action because Defendants have committed acts within this District giving rise to this action, and have established minimum contacts with this forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. Defendants, directly and/or through subsidiaries or intermediaries, have committed and continues to commit acts of infringement in this District by, among other things, making, using, importing, offering to sell, and selling products that infringe the Asserted Patent, and inducing others to infringe the Asserted Patent in this District. Defendants are directly and through intermediaries making, using, selling, offering for sale, distributing, advertising, promoting, and otherwise commercializing their infringing products in this District. Defendants regularly conduct and solicit business in, engage in other persistent courses of conduct in, and/or derive substantial revenue from goods and services provided to the residents of this District and the State of California.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), (c),

(d), and 1400(b) because Defendants have committed acts of direct and indirect infringement in this judicial district including using and purposefully transacting business involving the products that infringe the '544 Patent in this judicial district, such as by sales to one or more customers in the State of California including within the Central District of California, and, upon information and belief, maintaining regular and established places of business in this district. For example, Lexar lists several commercial distributors under the "Where to Buy" section of its website with locations in the Central District of California, including in the City of Industry and Ventura:



*See* https://www.lexar.com/en/support/where-to-buy/. Lexar lists additional retail distributors in this same section with locations in Los Angeles, CA, including for

3
**COMPLAINT**

Curacao and Samy's Camera. *Id.*

### III. DEFENDANTS' KNOWLEDGE OF THE '544 PATENT

11. Defendants have had knowledge of and notice of the '544 Patent and their infringement since at least August 17, 2012. On August 17, 2012, the prior owner of the '544 Patent, CATR Co., Ltd., sent Lexar a letter notifying Lexar of its infringement of the '544 Patent, but Defendants continued to infringe the '544 Patent without a license.

12. On January 20, 2023, Pavo sent another letter to Lexar, again notifying Defendants of the '544 Patent and Defendants' infringing activities, including with respect to Claims 1 and 24 of the '544 Patent.

13. To date, Defendants have refused to agree to a fair and reasonable license from Pavo for its infringing activities.

### IV. COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,926,544

14. Pavo realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

15. Defendants have directly infringed numerous claims of the '544 Patent, including at least claims 1-7, 9, 10, 13-15, 17, 19, 21-24, by manufacturing, using, selling, offering to sell, and/or importing into the United States certain USB flash memory devices with rotatable covers which infringe the '544 Patent (the "Accused Products"). By way of illustrative example, the Accused Products include, but are not limited to, Lexar's JumpDrive TwistTurn USB flash drive, JumpDrive TwistTurn2 USB flash drive, JumpDrive Dual Drive D35c, JumpDrive Dual Drive D30c, JumpDrive Dual Drive E32c, JumpDrive S33, JumpDrive S35, JumpDrive S37, JumpDrive M36, JumpDrive M36 Pro, JumpDrive 360, and all variations or iterations thereof. Defendants are liable for infringement of the '544 Patent pursuant to 35 U.S.C. § 271(a).

16. The Accused Products satisfy all claim limitations of numerous claims of the '544 Patent. Exemplary charts showing how Defendants infringe at least

Claims 1 and 24 of the '544 Patent are attached as **Exhibit 2**.

17. Pavo has complied with 35 U.S.C. § 287 where applicable (*i.e.*, non-method claims) because neither Pavo, nor any previous patent owner, nor anyone for, or under the control of, Pavo or a previous patent owner, has sold any relevant product that practices the '544 Patent and there are no unmarked relevant patented articles subject to a duty to mark prior to Lexar being put on notice of actual infringement by the then-owner of the '544 Patent in 2012.

18. As a result of Defendants' infringement of the '544 Patent, Defendants have damaged Pavo, and Pavo is entitled to monetary damages in an amount to be determined at trial that is adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

19. Defendants have also willfully infringed the '544 Patent since at least 2012, when the then-owner of the '544 Patent informed Lexar of its infringement. On information and belief, Defendants ignored their infringement and instead continued to develop and sell infringing products regardless of the infringing nature of the products. Defendants have done so while refusing to license the '544 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Pavo prays for the following relief:

(a) A judgment in favor of Pavo that Defendants have infringed U.S. Patent No. 6,926,544;

(b) An award of damages to Pavo arising out of Defendants' infringement of U.S. Patent No. 6,926,544, together with prejudgment and post-judgment interest, in an amount according to proof;

(c) A judgment in favor of Pavo that Defendants willfully infringed U.S. Patent No. 6,926,544, and awarding enhanced damages thereon under 35 U.S.C. §284;

(d) A declaration that this is an exceptional case under 35 U.S.C. §285, and awarding enhanced damages pursuant to 35 U.S.C. §284 and attorneys' fees and costs in this action;

(e) Any further costs and relief as the Court may deem just and proper.

### PRAYER FOR RELIEF

Pavo demands a trial by jury of any and all issues triable of right before a jury.

Respectfully submitted,

DATED: August 21, 2023     **RUSS AUGUST & KABAT**

By: */s/ Benjamin T. Wang*
Benjamin T. Wang
Minna Y. Chan
Andrew D. Weiss
Jacob R. Buczko

*Attorneys for Plaintiff*
PAVO SOLUTIONS, LLC